

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

JOHN L. HILL
ATTORNEY GENERAL

October 25, 1973

The Honorable Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion No. H- 137

Re: For what cause may
the Commissioners
Court remove a member
of the Port Commission?

Your letter requesting our opinion states the question as follows, "For what causes may the Commissioners Court remove a member of the Port Commission?"

"Port Commission" is the new name given to the Board of Navigation and Canal Commissioners in 1971 (Acts 1971, 62nd Leg., Regular Session, ch. 42, p. 79). It is the governing board of the Port of Houston Authority of Harris County, until the 1971 Act, known as the Harris County Houston Ship Channel Navigation District of Harris County.

The Authority was created in 1927 pursuant to the authority of Article 3, § 52, of the Constitution (Acts 1927, 40th Leg., 1st Called Session, p. 256). In 1957 its powers were increased, and it was changed to a navigation district operating under the provisions of § 59 of Article 16 of the Constitution. (Acts 1957, 55th Leg., ch. 117, p. 241). This latter act specifically provided that the Board of Navigation and Canal Commissioners (now the Port Commission) should continue to be selected and hold office as provided in Article 8235, Vernon's Texas Civil Statutes.

Article 8235, V. T. C. S., is one of several statutes dealing with the creation and operation of navigation districts and particularly those operating port facilities. All of them were repealed by the adoption in 1971 of the Water Code (Acts 1971, 62nd Leg., Regular Session, ch. 58). However, the Water Code specifically does not repeal or affect laws of a local or special nature (§ 1. 001(d), Water Code, Vernon's Texas Civil Statutes), and therefore the laws

creating the Port of Houston Authority and the Port Commission are still in effect, and, as subsequently amended, constitute the basis for the Authority's existence.   Likewise, Article 8235, incorporated by reference into the law delineating the powers of the Authority and Commission, still provides the relevant standards for the removal of commissioners, notwithstanding its later repeal.   Quinlan v. Houston & T. C. Ry. Co. , 34 S. W. 738 (Tex. 1896); Falkner v. Allied Finance Company of Bay City, 394 SW. 2d 208 (Tex. Civ. App. , Austin, 1965, err. ref. , n. r. e. ).

Article 8235, V. T. C. S. , provides:

> "The district shall thereafter be managed, governed and controlled by five commissioners, who shall be appointed as follows:  Two shall be selected . . . by a majority of the city council of the municipality having a population of one hundred thousand or more situated in said district. . . .  Two commissioners and their successors shall be selected by the commissioners court in like manner, and the other, who shall be chairman, shall be selected by a majority vote of said city council and by the commissioners court in joint session called by the county judge of said county . . . .  Said commissioners shall serve their full term of appointment unless sooner removed by the authority by which they were appointed for malfeasance, nonfeasance in office, inefficiency or other cause deemed sufficient.  If any vacancy occurs through the death, resignation or otherwise of any commissioner, the same shall be filled as in the first instance by appointment for the unexpired term.  All acts of the commissioners shall be subject to the supervision and control of the Navigation Board. " (emphasis added)

The provisions of Article 8235 are now found basically as §§ 61.158. 61.159, and 61.160 of the Water Code.

The Navigation Board, to which reference is made in Article 8235, is a board composed of the county judge and members of the commissioners court and the mayor and aldermen of the city or cities within the district. Article 8203, V. T. C. S. , calling for this board, specifically provides that it shall be called the Navigation Board. Section 61. 029 of the Water Code, containing substantially the same provisions as Article 8203, does not designate the board as the Navigation Board but rather leaves it unnamed.

The Texas Constitution provides limitations on the removal of county officers (Article 5, § 24) and on the removal of "officers of this State" (Article 15, § 7). However, it makes no provisions for removal of officers of municipalities or of district officers.

Article 8235 indicates that commissioners' acts are subject to supervision and control by the Navigation Board , and it must be concluded that they are officers of the Authority and not of the county or state. Bonner v. Belsterling, 138 S. W. 571 (Tex. 1911). Therefore, the Legislature was not limited by either constitutional provision in providing for the removal of Port commissioners and was permitted to adopt the system for their removal found in Article 8235 and § 61. 159 of the Water Code, both of which provide that a commissioner may be removed by the authority which appointed him. If a commissioner was appointed by the county commissioners court, he is subject to removal by that body; if he was appointed by the city council, he is subject to removal by the city council. The chairman is subject to removal only by the Navigation Board - the appointing authority for the chairman.

Therefore, the commissioners court, acting alone, may remove from the Port Commission only those commissioners which it appointed.

The statutes provide that commissioners may be removed only for "malfeasance, nonfeasance in office, inefficiency or other causes deemed sufficient. " The first three reasons for removal are quite broad and should cover almost any conceivable ground for removal. However, a commissioner may be removed for "other cause deemed sufficient. " The appointing authority, being the authority with the power to remove, also has the power to determine whether or not there is cause deemed sufficient for removal. By requiring cause for removal, the Legislature has put some limitation on the

commissioners court or other appointing authority.   Although the commissioners court must have such cause, it has the power to determine what cause is sufficient.   This is not to say that the appointing authority may act arbitrarily or capriciously.

### SUMMARY

A commissioner of the Port of Houston Authority of Harris County may be removed by the authority which appointed him, i. e. , the commissioners court of Harris County, the city council of Houston or the Navigation Board.   A Port commissioner may only be removed for malfeasance, nonfeasance, inefficiency or other cause which the removing authority deems to be sufficient for removal.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee